

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIANNA MOORE, et al., ) | CASE NO. 1:07 CV 1852 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| LAKE COUNTY DEPARTMENT ) | |
| OF JOB AND FAMILY SERVICES, et al., ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Motion to Compel (Docket #8) filed by Plaintiffs on October 31, 2007. Plaintiffs request an order from this Court compelling Defendants to respond to Plaintiffs' discovery propounded on or about March 30, 2007. Specifically, Plaintiffs seek to review documents/records maintained by the Lake County Department of Job and Family Services. Defendants claim that pursuant to Ohio Rev. Code §§ 2151.421 and 5153.17, the Lake County Department of Job and Family Services has a duty to keep the subject documents confidential unless this Court determines otherwise. The Court has conducted an *in camera* review of the documents/records and has determined that the disclosure of certain documents is appropriate. Accordingly, the Motion to Compel filed by Plaintiffs is hereby GRANTED IN

PART.

## Discussion

In determining whether otherwise confidential records are discoverable, the Court must determine whether the records are necessary and relevant to the pending action; whether good cause has been shown by the person seeking disclosure; and, whether their admission outweighs the confidentiality considerations set forth in Ohio Rev. Code. §§ 5153.17 and 2151.421(H)(1). *Child Care provider Certification Dep't v. Harris*, 2003 Ohio 6500, 2003 WL 22862894, at *2 *(Ohio Ct. App. 2003) (citing Johnson v. Johnson*, 134 Ohio App. 3d 579, 585, 731 N.E.2d 1144 (1999)).

The Court has reviewed the documents at issue and finds disclosure of certain documents to be appropriate. All documents referencing Jianna Moore and all documents referencing foster parents Ray and Lisa Knapp in the possession of the Lorain County Department of Child and Family Services shall be produced by Defendants to Plaintiffs' named Counsel. As stated in the Protective Order filed contemporaneously herewith, said documents shall be produced for review by Plaintiffs' named Counsel only. These documents are necessary and relevant to the claims raised by Plaintiffs and Plaintiffs have shown good cause for requesting access to the documents. Specifically, these documents go directly to the issue of the activities of the Lake County Department of Job and Family Services actions as they relate to Jianna Moore and the events leading up to the foster placement of Jianna Moore with the Mr. and Mrs. Knapp, including documents related to the Knapps' application and approval as a foster family. Any confidentiality considerations set forth under Ohio law are outweighed by the need for admission of pertinent information necessary to the resolution of Plaintiffs' claims.

**Conclusion**

For the reasons stated above, the Motion to Compel (Docket #8) filed by Plaintiffs is hereby GRANTED IN PART. The Court finds disclosure of all documents in the possession of the Lorain County Department of Job and Family Services referencing Jianna Moore and all documents referencing foster parents Ray and Lisa Knapp to be appropriate. As stated in the Protective Order entered contemporaneously herewith, said documents shall be produced to Plaintiffs' named Counsel for review by Plaintiffs' named Counsel only. Plaintiffs' named Counsel may review the disclosed documents and, in the event additional disclosure is necessary, may request additional access from the Court.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 24, 2007